# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHAWN KRISTI DICKEN,

        Defendant-Appellant.

UNPUBLISHED
January 30 2018

No. 322998
Midland Circuit Court
LC No. 13-005531-FH

ON REMAND

Before: SHAPIRO, P.J., and O'CONNELL and Ronayne KRAUSE, JJ.

PER CURIAM.

This case is before us on remand from the Supreme Court, which has directed us to review the sentence imposed for proportionality. We have done so, guided by the principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990) and *People v Steanhouse (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2017).

The sentencing guidelines recommended a minimum sentence of between 51 months and 85 months for the conviction of operating a criminal enterprise, MCL 750.159i(1). Defendant was, however, sentenced to a minimum term of 140 months for that offense. The trial court cited several reasons for its departure from the guidelines. First, the defendant's prior record score did not take into account that the defendant had previously engaged in similar activities when employed by Chemical Bank and although not prosecuted, she was terminated as a result. Second, the trial court noted several factors not taken into account, or not adequately taken into account, by the offense variables. The court observed that defendant's victims were clients who had placed their trust in her; defendant purposefully lied to them and stole from them despite having a direct and on-going relationship with them. In addition, defendant had abused the privileges provided by her professional license. The court also noted that the amount of money stolen was far beyond the amount used by the guidelines to score OV 14, which scores 10 points for property with value greater than $20,000; the court, after a hearing, concluded that the total amount stolen by the defendant was nearly a half-million dollars. Finally, the court noted that several of the victims were elderly and had lost their life savings as a result of defendant's fraud, another factor not considered by the guidelines.

The trial court did not violate the principles of proportionality and reasonableness in imposing this sentence. It explained why the guidelines failed to account for significant factors relevant to sentencing in this case. It further undertook to define the degree to which it concluded departure was necessary given those factors and did so in detail and with reference to the evidence. Its analysis and conclusion were consistent with the principle of proportionality.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause